IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STUART R. COLE | § | |
| | § | |
| VS. | § | NO. 3-07-CV-2102-D |
| | § | NO. 3-03-CR-0431-D |
| UNITED STATES OF AMERICA | § | ECF |
| | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural Background**

On January 19, 2005, Petitioner was charged in all counts of a 34-count superseding indictment. Counts one through four charged him with securities fraud, each in violation of 15 U.S.C. §§ 77q(a) and 77(x). Counts five through nine charged Petitioner with mail fraud, each in violation of 18 U.S.C. § 1341. Count ten charged him with wire fraud, in violation of 18 U.S.C. § 1343. Counts 11 through 31 charged Petitioner with interstate transportation of money taken by fraud, each in violation of 18 U.S.C. § 2314. Count 32 charged him with illegal monetary transactions and aiding and abetting, in violation of 18 U.S.C. §§ 1956(a)(1)(a)(I) and 2. Counts 33 and 34 charged Petitioner with money laundering, each in violation of 18 U.S.C. § 1957.

On March 9, 2005, a jury convicted Petitioner on all counts of the indictment. On June 13, 2005, the Court sentenced Petitioner to 109 months imprisonment and three years supervised release. The Court ordered restitution in the amount of $1,952,547.67. On July 18, 2006, the Fifth Circuit Court of Appeals affirmed the conviction. On January 8, 2007, the Supreme Court denied Petitioner's petition for writ of certiorari.

On December 17, 2007, Petitioner, who is represented by counsel, filed this petition pursuant to 28 U.S.C. § 2255. He argues he received ineffective assistance of counsel.

## II. Discussion

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

In this case, Petitioner argues he received ineffective assistance: (1) during pre-trial and in preparation for trial; (2) during trial; and (3) after trial and at sentencing.

**(a) Pre-Trial**

Petitioner states his counsel: (1) failed to file any basic pre-trial motions; (2) failed to interview any witnesses; (3) failed to research the facts of the case; and (4) failed to research the applicable law of the case.

To establish that counsel was ineffective for failure to investigate the case, a petitioner must do more than merely allege a failure to investigate – he must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

In this case, Petitioner does not state what pre-trial motions should have been filed, or how these motions would have changed the outcome of the proceedings. He also does not identify any witnesses that should have been interviewed, and does not state what information these witnesses would have provided. Petitioner has also failed to identify what facts and or law his attorney failed to research. Petitioner's conclusory claims should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**(b) Trial**

Petitioner argues his counsel was ineffective at trial because: (1) counsel was absent "during critical stages of the trial" and was therefore unable to object to misstatements by the prosecutor; (2) counsel failed to file a motion for mistrial; (3) counsel failed to admit "crucial

documents" into evidence that could have reasonably proven Petitioner's innocence; and (4) counsel failed to call any expert witnesses which could have proved Petitioner's innocence.

Although Petitioner argues an expert witness could have proved his innocence, he has not identified any expert witness that would have testified for the defense, and has not stated how an expert witness could have proved his innocence. Conclusory allegations are insufficient to justify relief. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (stating "for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial."); *see also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) (finding "hypothetical or theoretical testimony will not justify the issuance of a writ . . . .").

Petitioner's other trial claims are also conclusory. Petitioner claims his counsel was absent during portions of the trial, but he does not state when counsel was absent, and he submits no evidence that counsel was absent during any part of the proceedings. Petitioner also states that his counsel failed to admit "crucial documents" at trial that could have proven Petitioner's innocence. Petitioner does not identify these crucial documents and does not explain how they could have proven his innocence. Finally, Petitioner argues his counsel failed to file a motion for mistrial. Petitioner does not identify any basis for filing such a motion. Counsel is not required to file frivolous motions. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Petitioner's conclusory claims should be denied.

**(c) Post-Trial/Sentencing**

Petitioner argues his counsel was ineffective post-trial because he failed to file a motion for new trial and failed to file "proper" objections to the PSR. As discussed above, Petitioner

has not identified any non-frivolous basis for filing a motion for new trial. Additionally, Petitioner has not identified any objections that his counsel should have made to the PSR. Petitioner's claims should be denied.

Petitioner has failed to show that his counsel was deficient and that he suffered prejudice as a result of his counsel's deficient performance. He has failed to establish that he received ineffective assistance of counsel

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 16th day of May, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).