IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent, | § | |
| | § | Civil Action No. 3:07-CV-2102-D |
| VS. | § | (Criminal No. 3:03-CR-431-D) |
| | § | |
| STUART R. COLE, | § | |
| | § | |
| Movant. | § | |

## **ORDER OF RE-REFERENCE**

The magistrate judge recommends that defendant-movant Stuart R. Cole's ("Cole's") motion to vacate his sentence under 28 U.S.C. § 2255 be denied without an evidentiary hearing. Cole is currently imprisoned following his convictions in this court following a trial on various criminal charges. He moves for relief under § 2255, contending that his trial counsel, William Ravkind ("Ravkind"), Esquire, provided ineffective assistance. Cole also moves for an evidentiary hearing. Following *de novo* review, the court adopts in part and declines to adopt in part the May 16, 2008 findings, conclusions, and recommendation of the magistrate judge, and it re-refers this matter to the magistrate judge for further proceedings.

In his findings, conclusions, and recommendation, the magistrate judge recommends that Cole's motion be dismissed without an evidentiary hearing because Cole relies only on conclusory allegations to obtain relief. Cole has objected to the findings, conclusions, and recommendation and has moved for reconsideration of the denial of an evidentiary hearing, which motion the magistrate judge denied. Following *de novo* review, the court agrees that Cole's motion for § 2255 relief is too conclusory to warrant an evidentiary hearing. But the more specific allegations contained in his objections and motion for reconsideration do not suffer from the same deficiencies. When Cole's

motion is viewed as having been amended to include these allegations, it is apparent that the motion cannot be denied based on the amended motion alone.

Cole's more specific allegations of ineffective assistance should be treated as a request for leave to amend his original motion. Such a request is governed by the standards of Fed. R. Civ. P. 15(a)(2). *See* Fed. R. Governing § 2255 Proceedings 11 ("The Federal Rules of Civil Procedure . . . may be applied to a proceeding under these rules."); *United States v. Nabor,* 256 Fed. Appx. 669, 670 (5th Cir. 2007) (applying Rule 15(a) standards where prisoner sought leave to amend § 2255 motion to vacate after magistrate judge had already recommended denying motion). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

The court discerns no persuasive reason why leave to amend should be denied. The amendment neither appears to be motivated by bad faith nor does it appear likely to result in undue delay or prejudice. Undue prejudice usually does not arise from the mere prospect of having to defend a prisoner's amended motion. And this motion is in the early stages of being litigated. Accordingly, the court deems Cole's § 2255 motion to be amended to include the more specific allegations set forth in his objections and motion for reconsideration.

The court also concludes that Cole's revised allegations are sufficient to warrant an evidentiary hearing. "A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no

relief." *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992); *see also* 28 U.S.C. § 2255(b) (providing that a court "shall . . . grant a prompt hearing" to consider a prisoner's motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). If a prisoner's allegations are not affirmatively contradicted by the record, and his claims are not patently frivolous, he need not support his allegations with evidentiary proof until a hearing is held. *Aron v. United States,* 291 F.3d 708, 715 n.6 (11th Cir. 2002).

> The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only *allege*—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief. If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the district court is required to hold an evidentiary hearing. It is in such a hearing that the petitioner must offer proof.

*Id.*

As amended, Cole's motion alleges that (1) Ravkind failed to file a variety of specified motions; (2) Ravkind failed to research unspecified facts and law; (3) Ravkind substituted another attorney, Michael Bowers ("Bowers"), Esquire, into his place on the last day of trial, and that because of Bowers' lack of preparation, his assistance was ineffective; and (4) Ravkind failed to call to testify several important witnesses, whom Cole identifies by name and whose potential testimony he describes.

In denying Cole's motion for reconsideration, the magistrate judge examined these allegations and found them to be insufficient to warrant a hearing. He found that an evidentiary hearing was unnecessary to develop Cole's first allegation, because Ravkind's motions were already part of the court record. The court agrees. Although Ravkind's failure to file certain motions could be considered in evaluating Cole's overall ineffective assistance claim, no additional proof is necessary to establish the fact that the motions were not filed. Next, the magistrate judge found that

an evidentiary hearing would not be warranted by Cole's second allegation because Cole did not specify the law or facts that Ravkind failed to research. The court also agrees with the magistrate judge in this respect. "[C]onclusional allegations are insufficient to require an evidentiary hearing . . . [on] a claim of ineffective assistance of counsel." *E.g. United States v. Demik,* 489 F.3d 644, 646-47 (5th Cir. 2007) (applying habeas corpus and § 2255 cases to analogous context).

The court disagrees, however, that the third and fourth allegations are insufficient to warrant an evidentiary hearing. The magistrate judge reached these conclusions on the ground that Cole did not adduce supporting evidence (such as proof that his witnesses would have testified at trial). But at this stage of the case, Cole need not produce supporting evidence, because his allegations are not patently frivolous and have not been affirmatively contradicted by the government. *See Aron,* 291 F.3d at 715 n.6. Although Cole may have difficulty proving these allegations at a hearing—a question that the court need not now decide—the record does not "conclusively" establish that these grounds are insufficient to warrant granting relief under § 2255.

Accordingly, the court adopts in part, and declines to adopt in part, the May 16, 2008 findings, conclusions, and recommendation of the magistrate judge, and it re-refers this matter to the magistrate judge for further proceedings consistent with this order.

**SO ORDERED**.

July 15, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE